UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JACQUES SAADE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-11534-IT |
| | * | |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee of MFRA TRUST 2014-2, FAY SERVICING LLC, PNMAC MORTGAGE CO., LLC, CHRISTIANA TRUST, DOES, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| JACQUES SAADE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-11873-IT |
| | * | |
| FAY SERVICING, LLC, WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee of MFRA Trust 2014-2, PNMAC MORTGAGE CO., LLC, CHRISTIANA TRUST, DOES, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER
May 13, 2019

TALWANI, D.J.

Before the court are: Defendants' Motion to Dismiss [#27] the Verified First Amended Complaint ("Amended Complaint") [#16] filed in Civil Action No. 18-cv-11873; and Defendants' Motion to Dismiss [#6] the Verified First Amended Complaint ("Land Court Complaint") [#1-1], Defendants' Motion for Sanctions [#17], Plaintiff's Motion for Sanctions [#24], and Plaintiff's Motion to Amend the Complaint [#65], all filed in Civil Action No. 18-cv-

1

11534.[1] For reasons discussed below, Defendants' motions to dismiss are GRANTED, Plaintiff's motions for sanctions and for leave to amend the complaint are DENIED, and Defendants' Motion for Sanctions is ALLOWED in part and DENIED in part.

I. Background

Plaintiff Jacques Saade's mortgage loan and promissory note have been at issue in three prior actions before this court. See Saade v. PennyMac Loan Services, LLC, et al., No. 15-cv-12275 ("First Prior Action"); see Saade v. PennyMac Loan Services, LLC, et al., No. 15-cv-13611 ("Second Prior Action"); see Saade v. Wilmington Savings Fund Society, et al., No. 16-cv-11982 ("Third Prior Action").[2]

The complaints now before the court also concern Plaintiff's mortgage loan and promissory note. Plaintiff alleges that the assignments of his mortgage are invalid. Plaintiff also alleges miscalculation of interest on his Note and asserts that he is not in default of his loan. His complaints further allege that lenders were non-compliant with G.L. c. 244, § 35A, or that they violated provisions of the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, 12 U.S.C. § 2605(b)(2), and notice provisions of his mortgage agreement.

Specifically, the Amended Complaint alleges in eight counts that Defendant Fay Servicing LLC ("Fay") is an unlawful servicer, that prior assignments of the mortgage are

---

[1] On February 26, 2019, the court consolidated the two actions and directed that all further filings be docketed in the earlier filed case. See Order Consolidating Cases [#52]. Hereafter, all docket entries cited without a case number are on the docket for Civil Action 18-cv-11534. The procedural background of the pending actions is detailed in the court's Memorandum & Order [#50] and need not be repeated here.

[2] The First Circuit has affirmed the dismissal of the First Prior Action and Second Prior Action. Saade v. PennyMac Loan Services, LLC, No. 16-2396 (1st Cir. 2018). Plaintiff's appeal of the dismissal of the Third Prior Action is pending before the First Circuit. See Saade v. Wilmington Savings Fund Society, et al., No. 18-1156 (1st Cir. 2018).

2

invalid, that Defendants engaged in a pattern of deceiving Plaintiff and the court, and that Defendants failed to comply with court processes with respect to a May 2018 Notice of Default. See Am. Compl. (18-cv-11873) [#16].[3]

Plaintiff's Land Court Complaint alleges fifteen counts, some of which overlap with each other. Land Court Compl. [#1-1]. First, Plaintiff attacks the current ownership and past assignments of his mortgage, extrapolating to challenge the validity or existence of his mortgage at all. See, e.g., Land Court Compl. 3 ¶ 2 (alleging that Plaintiff received a notice that the subject loan was paid off); id. 3-4 ¶ 6; id. 5 ¶ 16-17 ("[T]hese two purported assignments, though they were recorded, however have they appeared [,] were total bogus and without any effect."). Plaintiff's allegations implicate past assignments (as well as the most recent assignment of his mortgage, in January 2018, from PNMAC to MFRA Trust 2014-2 discussed below). Second, Plaintiff alleges that the Defendants engaged in numerous unfair or illegal practices, including violations of RESPA. See, e.g., id. 16-17 ¶ 79. Plaintiff also alleges claims under G.L. c. 93A. See, e.g., id. at 17 ¶ 81; 28 ¶ 155. Third, Plaintiff disputes the correct amount owed on the mortgage, the term of the mortgage, and the agreed-upon interest rate. See, e.g., id. 7 ¶ 24.[4]

---

[3] Count One seeks Declaratory Judgment that Fay is an "unlawful servicer" pursuant to RESPA; Count Two, Three, and Four allege violations of the FDCPA, 15 U.S.C. §§ 1692e and f; Count Five alleges breach of contract and unfair and unlawful practice, as well as additional RESPA violations; Count Six alleges breach of the implied covenant of good faith and fair dealing; Count Seven alleges that Defendants participated in a pattern of deceiving the court and making the false statements; and Count Eight appears to allege that Defendants failed to comply with court processes with respect to Defendants' May 2018 Notice of Default.

[4] Counts One through Five challenge Fay's recording of the mortgage note in January 2018, and the assignments of October and November 2017; and allege that the January 16, 2018, affidavit recording the history of the mortgage is invalid. Counts Six and Seven allege that Fay is an unlawful servicer. Count Eight seeks declaratory judgment that Plaintiff did not default on his debt. Plaintiff identifies the remaining counts – Counts Nine through Fifteen – as relating to the "validity of mortgage assignments." Id. at 33 ("The next counts are regarding the validity of mortgage assignments."). Specifically, Count Nine seeks declaratory judgment that the MERS assignment was void and that the mortgage is therefore *void ab initio*. Id. at 34-35 ¶¶ 186-94.

Defendants filed the pending motions to dismiss, and Plaintiff filed a Motion for a Preliminary Injunction [#45]. Following a hearing on February 27, 2019, the court took Defendants' motions to dismiss under advisement, Elec. Clerk's Notes [#59], and denied Plaintiff preliminary relief on the ground that Plaintiff failed to show a likelihood of success on the merits. Mem. & Order [#60]. Plaintiff subsequently filed three additional motions, including the pending Motion for Leave to Amend Complaint [#65].[5]

II.     Standard

In order to survive a motion to dismiss, a complaint must include factual allegations that, taken as true, demonstrate a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007). A claim is plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In assessing a complaint, a court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)" and then "determine whether the remaining facts allow it to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 24 (1st Cir. 2016) (citations omitted).

Affirmative defenses such as the defense of *res judicata* may be grounds for a motion to

---

Count Ten argues that the assignor of the first two assignments lacked authority to make the assignment. Id. at 35-38 ¶¶ 195-213. Count Eleven states that the mortgages are invalid because they did not comply with G.L. c. 183 § 54B (provisions relating to authorized signatories). Id. at 38-40 ¶¶ 214-26. Count Twelve states that the assignation of the note to MERS rendered the assignment void. Id. at 40-41 ¶¶ 227-37. The court construes Count Thirteen to request a trial or discovery to adjudicate the fact of who owns the mortgage. Id. at 41-42 ¶¶ 238-42. Count Fourteen states that assuming Plaintiff did default, he is entitled to cure any alleged default once every five years under G.L. c. 244 § 35A(a). Id. at 42 ¶¶ 243-46. Count Fifteen asserts that "[t]his cause of action" is pursuant to Paragraph 22 of Plaintiff's mortgage agreement, which provides for a forum to present any defense regarding the alleged default. Id. at 43 ¶¶ 247-56.

[5] The court denied two of the post-hearing motions in an earlier order. See Order [#67].

dismiss only when the facts establishing the defense are "definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice" and if those facts conclusively establish the affirmative defense. In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). While a court is ordinarily limited to considering "only the complaint, documents attached to it, and documents expressly incorporated into it" in deciding a Rule 12(b)(6) motion to dismiss, see Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71-72 (1st Cir. 2014), the court can also consider matters of public record, including the record of the purportedly preclusive action, where a "motion to dismiss is premised on a defense of *res judicata*." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

 III. Analysis of Defendants' Motions to Dismiss

Defendants assert that many of the claims made in the two pending complaints are barred by *res judicata*, and that the remainder of Plaintiff's allegations fail to state a claim upon which relief may be granted. Defendants also argue that the complaints do not satisfy Fed. R. Civ. P. 8 or 9(b).

 A. Claims Barred by *Res Judicata*

Defendants argue that claim preclusion bars Plaintiff's allegations and claims that were raised or could have been raised in the First, Second and Third Prior Actions against defendants in those actions, who, as Defendants' predecessors-in-interest, are in privity with Defendants. Mem. In Support of Mot. to Dismiss ("Def. Mem.") 7 [#8]; Mem. In Support of Mot. to Dismiss ("Def. Mem.") 6-7 (18-cv-11873) [#28]. Specifically, Defendants assert that Plaintiff is barred from relitigating claims concerning the "subject mortgage loan, assignments/sales thereof, the fact of his default, the servicing of his loan, and any other issues tangentially related thereto."

5

Def. Mem. 10; Def. Mem. 7-8 (18-cv-11873) [#28]. In the alternative, Defendants argue that issue preclusion bars Plaintiff from raising issues that Plaintiff has attempted to re-litigate, but in which final judgment has entered – namely, the validity of mortgage assignments predating 2015; alleged miscalculation of interest on his Note; the "fact of Plaintiff's default, and amount of disputed debt" on the loan; and compliance with M.G.L. c. 244, § 35A, with respect to a March 2015 Section 35A letter. Def. Mem. 10-11 [#8]; Def. Mem. 9-10 (18-cv-11873) [#28].

For reasons discussed in the court's Memorandum & Order Denying Motion for Preliminary Injunction [#60], the court finds that Defendants' defense of *res judicata* applies to claims that were raised or could have been raised in prior actions. Defendants have established (1) a final judgment on the merits in an earlier proceeding; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the two parties – in this case, that Defendants are successors in interest to prior parties. See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 37 (1st Cir. 1998); see also Memorandum & Order Denying Motion for Preliminary Injunction [#60]. The first two elements are satisfied by the final judgment entered in First and Second Prior Actions. See Order Dismissing Case, First Prior Action (15-cv-12275) [#127]; see Order Dismissing Case, Second Prior Action (15-cv-13611) [#42]. In those actions, Plaintiff alleged causes of actions relating to the same dispute at issue here – specifically, the allegedly improper transfer or allegedly unlawful assignments of Plaintiff's mortgage on the same property. See, e.g., First Prior Action (15-cv-12275), Second Amended Complaint 3 ¶ 3 [#56] ("These assignments were fraudulently and unlawfully recorded with the registry of deeds by entities that have no lawful interest [ . . . ]."); see, e.g., Second Prior Action (15-cv-13611), Verified First Am. Compl.,14-16 ¶¶ 118-48 [#1-1] ("That assignment was also in violation of . . . G.L. c. 183 § 54B; let alone that it was derived from void assignments").

6

As to the third element, Defendants have shown that they are successors-in-interest to defendants in these prior actions. Plaintiff's claims pertaining to events before October 2015 – specifically, claims regarding mortgage assignments prior to October 2015; alleged miscalculation of interest; and compliance with M.G.L. c. 244, § 35A, with respect to a March 2015 letter – are therefore precluded by *res judicata*.

      B.  Surviving Claims

Plaintiff also raises new allegations in the complaints at bar, which Defendants assert fail to state a claim. First, Plaintiff asserts a RESPA claim under 12 U.S.C. § 2605(b)(2)(A). He argues that he was deprived the 15-day notice prior to the September 1, 2017 transfer of his mortgage servicing to Fay. Land Court Compl. 16-18 ¶¶ 77-79, 85 [#1-1]. Plaintiff also argues that the recent January 2018 mortgage assignment is invalid and that the MFRA Trust lacks any interest or right to his mortgage. Land Court Compl. 17-18 ¶¶ 85-86 [#1-1]. He further argues that the sworn affidavit regarding mortgage assignments, dated January 16, 2018, is false or memorializes inaccurate information about his mortgage. Land Court Compl. 7 ¶ 25 [#1-1]; Am. Compl. 12 ¶ 40; 15 ¶ 56 (18-cv-11873) [#16]; see generally Land Court Compl. 20-26 ¶¶ 99-136 [#1-1]. Plaintiff argues that the Notice of Default that he received on May 31, 2018, fails to comply with Paragraph 22 of his mortgage agreement[6] because it was not served directly by the lender, see Am. Compl. 17 ¶¶ 69-72 (18-cv-11873) [#16], and that Defendants failed to comply with the requirement that they provide 15-day notice prior to transferring the servicer. See Am.

---

[6] Paragraph 22 is a standard mortgage provision setting forth requirements for notice of default, including that "[t]he notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property [ . . . ]." See Exs. to Am. Compl. at 26 (18-cv-11873) [#16-1].

7

Compl. 11 ¶¶ 34-38; 26 ¶ D  (18-cv-11873) [#16].

   1. *Alleged "Paragraph 22" Violation*

Plaintiff claims a violation of Paragraph 22 of his mortgage agreement, alleging that the May 2018 Notice of Default is defective under M.G.L. c. 183, § 21, and M.G.L. c. 244, § 15A, because it does not comply with the terms disclosed in Paragraph 22 of his mortgage agreement, and because there are open questions as to the proper ownership of the mortgage. Specifically, Plaintiff asserts that the lender to whom any amounts are owed in connection with the mortgage on the property (and thus the party that should have sent the Notice required by Paragraph 22) is Citimortgage, not the Defendants. Plaintiff also argues that the Notice is invalid because it was sent by a law firm on behalf of a servicer instead of directly by the lender.[7] Plaintiff further asserts that this conduct violates 15 U.S.C. § 1692f, 15 U.S.C. §1692e, and G.L. c. 93 § 49 and c. 93A.

Plaintiff's claims that Citimortgage is the proper owner of his mortgage are barred by *res judicata* for reasons discussed above. Plaintiff's claim that the Notice should have been sent by a lender directly is not barred, but it fails on other grounds. As discussed in the Memorandum & Order on Plaintiff's Motion for Preliminary Injunction [#60], Plaintiff relies on Paiva v. Bank of N.Y. Mellon, 120 F. Supp. 3d 7, 10 (D. Mass. 2015), for his argument that Paragraph 22 requires a lender to send out a Notice of Default directly. The Paiva decision is relevant where the

---

[7] While Plaintiff does not appear to have attached a copy of the notice to his complaints, he described the notice in sufficient detail that the court, accepting his allegations as true, nonetheless concludes that his allegations fail to state a legal claim. For instance, he describes in the Amended Complaint (18-cv-11873) that Fay Servicing, through Korde and Associates, served Plaintiff with a notice of default dated May 31, 2018 "informing [Plaintiff] that it was retained by Fay Servicing to conduct a foreclosure sale on the subject property." Am. Compl. 13 ¶ 48 (18-cv-11873) [#16]. Plaintiff subsequently attached a copy of the actual notice to exhibits filed in support of his Motion for Preliminary Injunction [#45]. See Exs. to Mot. for Prelim. Inj. at 4 ("Notice of Default, May 31, 2018") [#45-1].

8

servicer sends a Notice of Default on behalf of the prior lender or fails to identify the lender at the time of the Notice. Here, however, the Notice of Default was sent on behalf of the current lender, and clearly identifies that lender as Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2, acting through Fay Servicing. See Notice of Default, May 31, 2018 [#45-1]; see Am. Compl. 12 ¶ 48 (18-cv-11873) [#16]. Saade has not provided, and this court has not found, authority for the proposition that strict compliance with Paragraph 22 precludes the lender from acting through its agents, such as a servicer or law firm, if the lender is explicitly identified. Accordingly, Plaintiff has failed to state a claim regarding Paragraph 22 violations.[8]

2. *Assignment of Mortgage*

Plaintiff also alleges that the assignment of his mortgage in January 2018 from PNMAC to MFRA Trust 2014-2 is invalid. See Land Court Compl. 40-41 ¶¶ 227-237 [#1-1]; see Am. Compl. 9 ¶ 29, 12 ¶ 40 (18-cv-11873) [#16]. The basis of Plaintiff's claim is that the mortgage term recorded in the January 2018 affidavit is inaccurate, or that the affidavit is false. See Am. Compl. 15 ¶ 56 (18-cv-11873) [#16] ("Fay Servicing also recorded similar false affidavit regarding G.L. c. 244 § 35A in January 2018 to be adjudged on remand in [the action removed from the Land Court]."). The court previously found, with respect to prior assignments of Plaintiff's mortgage, that he did not have standing to make this claim. See Mem. & Order, Second Prior Action (15-cv-13611) [#38]. Because Plaintiff's assertions that the most recent

---

[8] Plaintiff alleges several other claims under the same facts that form the basis of his Paragraph 22 claims. These claims, alleged under the FDCPA, M.G. L. c. 93 § 49, and M.G.L. c. 93A, must also fail. With respect to c. 93 § 49, Plaintiff's claims are dismissed because there is no private right of action under c. 93 § 49, see O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 33-34 (D. Mass. 2014). With respect to Plaintiff's assertions under the FDCPA and c. 93A, simply adding additional labels is not sufficient to meet the pleading requirements of a complaint. See Iqbal, 556 U.S. at 678.

9

mortgage assignment is invalid rests on his contention that the original mortgage assignments – which the court rejected in prior actions – are invalid, those arguments are barred by *res judicata*. Regarding Plaintiff's allegations that the affidavit is false or inaccurate, he does not assert facts to bolster his contentions, as discussed further *infra* Section III(B)(5). Accordingly, the court cannot take as true Plaintiff's conclusory allegations that the assignment is void or inaccurate.

3. RESPA Violations

Plaintiff further alleges that Defendant violated RESPA, 12 U.S.C. § 2605(b)(2)(A), by failing to provide the required 15-day notice of transfer of his loan to a different servicer. See Am. Compl. 11 ¶¶ 34-38 (18-cv-11873) [#16]; see Land Court Compl. 16-17 ¶ 79, 29 ¶¶ 157-159 [#1-1]; 66.[9] Specifically, Plaintiff asserts that he only received notice thirteen days, not fifteen days, before a transfer of service was to occur. Taking Plaintiff's factual allegations as true, and putting aside the question of whether the time period should be measured from date of mailing or date of receipt, Plaintiff's RESPA claims must nonetheless be dismissed because he fails to allege facts to support a claim for damages. 12 U.S.C. § 2605(f)(1) provides that in the case of any action by an individual asserting non-compliance, the violator shall be liable for "an amount equal to the sum of (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." Plaintiff does not identify or allege any damage as a result of the alleged two day delay in notice. Nor can Plaintiff seek damages under 12 U.S.C. § 2605(f)(1)(B) because he has not alleged facts to support a pattern or practice of noncompliance with the requirements of the section. Because

---

[9] In the absence of a page number on the document, the citation here reflects the page as reflected in the CM/ECF header.
10

Plaintiff can identify no damages or pattern and practice of noncompliance, Plaintiff's RESPA claim is not actionable, and must fail.

4. *Allegations of Fraud Regarding August 30, 2017, Letter*

Count Two of Plaintiff's Amended Complaint alleges that Fay Servicing violated 15 U.S.C. § 1692e by falsely identifying the address of the MFRA Trust in an August 30, 2017, letter. See Am. Compl. 12-13 ¶¶ 42-46 (18-cv-11873) [#16]; see Exs. to Am. Compl. at 2 (18-cv-11873) [#16-1]. Plaintiff further alleges that Fay falsely identified the date of the assignment of the alleged debt to the Trust. Id. at 12 ¶ 44.

Plaintiff fails to meet the heightened pleading standards of Rule 9(b) in alleging that Fay made false statements in its letter to Plaintiff. See Fed. R. Civ. P. 9(b) ("[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Plaintiff essentially rests on his assertions that the address listed on the letter is false, and that "mails were returned as false address." See Am. Compl. 26 ¶ B; 12 ¶¶ 43-46 (18-cv-11873) [#16]. However, the letter provides an address for inquiries (a customer service address) and one other mailing address, which is specifically noted as "not for payments." Without additional context, such as to which address Plaintiff sent mail, for what purpose, and what the purported correct address is, Plaintiff's allegations fail to meet the heightened pleading standards of Rule 9(b). Likewise, Plaintiff fails to sufficiently allege that the letter incorrectly records the date of the purported assignment to the MFRA Trust. The letter merely states that the Loan was "Sold to the New Lender" on August 9, 2017; "sold" is defined elsewhere in the letter as "sold, transferred or assigned." The Notice also makes clear that any new lender is not the servicer, and that Plaintiff should continue to make payments to the servicer identified in the letter. Absent additional allegations from Plaintiff explaining how or why this statement regarding the date of

11

the purported assignment is false, Plaintiff has failed to meet the heightened pleading standards of Rule 9(b) as to this claim.

5. *Affidavit of Note*

Defendants also contend that Plaintiff's allegations regarding the January 2018 Affidavit of Note should be dismissed. See generally, Land Court Compl. 17-26; 27-28 [#1-1]; see Am. Compl. 9 ¶ 29 (18-cv-11873) [#16]. With respect to this claim, Plaintiff alleges that the affidavit of Note is "different than the original note term" and that the Affidavit was "deceptive and defamatory" because it incorporates allegedly false information about prior assignments or payment amounts. Land Court Compl. 17-18 ¶ 85; 20 ¶ 101 [#1-1]. Plaintiff's allegations on this issue discuss events occurring prior to 2015, including a 2011 assignment, and this prior assignment is the basis for his allegations that the affidavit is inaccurate or fraudulent. See, e.g., Land Court Comp. 23 ¶¶ 124-25 [#1-1]. To the extent that Plaintiff seeks to challenge events relating to the assignment or terms of his mortgage prior to October 2015, he is barred by *res judicata* for reasons set forth *supra*. With respect to Plaintiff's allegations that the Affidavit of Note is fraudulent or constitutes slander of title, see Land Court Compl. 28 ¶¶ 150-152 [#1-1], the court agrees with Defendants that such allegations are unsupported by any factual allegations, let alone the required elements for a slander of title claims. See Def. Mem. 15-16 [#8]. Accordingly, these claims are dismissed on Rule 12(b)(6) grounds.

6. *Dismissal of Complaints*

Because Plaintiff's complaints are barred by *res judicata*; fail for reasons outlined in the court's previous orders; or otherwise fail to state a claim, the court GRANTS Defendants' Motion to Dismiss (18-cv-11873) [#27] and Motion to Dismiss [#6].

### C. Plaintiff's Motion for Leave to Amend the Complaint

Plaintiff also seeks leave to file an amended complaint. Plaintiff's Motion for Leave to Amend the Complaint [#65] is DENIED for reasons set forth below.

Plaintiff's proposed complaint alleges several claims. First, it asserts that Defendants violated the provisions of Paragraph 22, which Plaintiff alleges requires a lender, rather than a servicer, to send a notice to cure. Plaintiff makes this claim regarding the May 31, 2018 Notice of Default, attached as Exhibit A to the proposed amended complaint. See Ex. A, Proposed Amended Complaint [#65-1]. Second, Plaintiff claims that the letter is defective because it was sent by a law firm, instead of by the lender. Finally, Plaintiff also asserts the right under Paragraph 22 to contest the default of his mortgage, disputes the ownership of his mortgage and alleges that he is entitled to an accounting to determine what he owes Defendants. Id. at 2 ¶ 7; id. at 3 ¶¶ 17-19.

While Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires," a court may deny leave to amend when a proposed amendment is "futile because, as [] amended, the complaint still fails to state a claim [ . . . ]." See Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009). Here, Defendants argue, and the court agrees, that Plaintiff's motion should be denied because it would be futile to amend his complaint, as proposed. Plaintiff's Proposed Amended Complaint [#65-1] does not cure the deficiencies of the previous complaints.

While the Proposed Amended Complaint is not identical to Plaintiff's earlier complaints, it does not offer any additional factual detail that would change the court's prior analysis of Plaintiff's claims.[10] Because the court has already considered and rejected the precise claims

---

[10] Plaintiff does raise a new request for an accounting of his debt. Defendants responded by filing

13

which Plaintiff seeks add, and Plaintiff's proposed amendments do not address those shortcomings, allowing Plaintiff to amend his complaint would be futile. Accordingly, Plaintiff's Motion for Leave to Amend the Complaint [#65] is DENIED.

### D. Defendants' Motion for Sanctions

Defendants ask this court to issue sanctions against Plaintiff for repeatedly seeking to re-litigate claims and issues already decided against him. See Def. Mot. Sanction 1 [#17].

Under Federal Rule of Civil Procedure 11(c), a court may impose an "appropriate sanction" on any party that has violated Rule 11(b) or is responsible for its violation. See Fed. R. Civ. P. 11. Sanctions are appropriate when a party engages in a "wasteful, frivolous, and harassing lawsuit." Jones v. Soc. Sec. Admin., No. C.A.03-12436-DPW, 2004 WL 2915290, at *3 (D. Mass. Dec. 14, 2004) (internal citation omitted). Apart from Rule 11, district courts have the inherent power to "manage their own proceedings and to control the conduct of those who appear before them," which includes the power to punish conduct through appropriate sanctions. Chambers v. NASCO, Inc., 501 U.S. 32, 33 (1991).

Plaintiff has filed numerous, repetitive actions and motions concerning the same or similar issues. As detailed above, this action sought to relitigate issues resolved in prior proceedings and affirmed on appeal. Moreover, his response to adverse rulings on motions has been to file and refile, with significant burden on defendants and the court. See e.g., Emergency Motion to Remand [#5]; Motion to Dismiss RESPA Claim [#14] (asking the court to dismiss the federal claim so that the case can be remanded); Revised and Renewed Motion to Remand [#16]; Renewed Motion to Remand to State Court [#42]; Emergency Motion to Remand [#45]; Motion

---

a payoff statement informing Plaintiff of the amount of money they allege Plaintiff owes. See Addendum to Def. Opp. to Pl. Mot. to Amend [#72]. Thus, Plaintiff's motion as to that ground specifically is moot.

14

for Declaratory Judgment that Removal Was Improper [#64]; Opposition to Motion to Consolidate and Renewed Motion to Remand (18-cv-11873) [#7].[11] The court finds that some form of sanctions is warranted.

Defendants request that the court (1) strike all claims and allegations in Plaintiff's Amended Complaint [#1-1]; (2) order payment of attorneys' fees incurred in defending this action to date, including filing a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [#6] on the basis of *res judicata* and the filing of the Motion for Sanctions [#17]; and (3) issue an Order "precluding Plaintiff from filing any further judicial action in which he seeks to re-litigate these issues and claims already decided against him." Id. at 2. Because the court is granting Defendants' Motion to Dismiss, discussed *supra*, the court need only consider Defendants' request for costs and for an Order.

Although an award of fees may be justified, and may well be awarded if Plaintiff's unwarranted filings continue, the court declines to award fees at this time. Instead, the court issues the following protective order so that the court may screen any future action against any of the Defendants in the pending actions (or in the First, Second or Third Prior Actions), and dismiss such actions *ab initio* as appropriate: in any such action in the United States District Court for the District of Massachusetts (whether initially filed here by Plaintiff or removed to this court by a defendant), a copy of this order shall be filed with the action, and no response need be filed by such defendant until directed to respond by the court.

E. Plaintiff's Motion for Sanctions

Plaintiff also filed a Motion for Sanctions [#24], contending that Defendants' counsel,

---

[11] Although Civil Action 18-cv-11873 originated in federal court, Plaintiff also filed a Renewed Motion to Remand in Civil Action 18-cv-11873, arguing that the removed complaint in Civil Action 18-cv-11534 should be remanded to state court.

15

Kevin Polansky, is aware that the Plaintiff is entitled to cure his default, and furthermore, that Mr. Polansky "falsely idenf[ied]" the assignor of the first two mortgage assignments. Plaintiff further argues that Mr. Polansky improperly filed a Motion for Sanctions against Plaintiff, that Mr. Polansky and Defendants have made "constant misrepresentations," and that Defendants should be sanctioned for "moving forward to foreclose prior to resolving the disputed issues." Pl. Mot. Sanctions 2-3 [#24]. Plaintiff has provided no evidence to support his claims against Mr. Polansky or Defendants regarding misrepresentations. Additionally, Plaintiff has provided no basis for this court to sanction Mr. Polansky for moving for sanctions or moving to foreclose on Plaintiff's property "prior to resolving the disputed issues." Id. Accordingly, Plaintiff's Motion for Sanctions [#24] is DENIED.

      F.  Conclusion

Defendants' Motion to Dismiss in Civil Action 18-cv-11873 [#27] is GRANTED, and in Civil Action 18-cv-11534, Defendants' Motion to Dismiss [#6] is GRANTED, Plaintiff's Motion for Sanctions [#24] is DENIED, Plaintiff's Motion for Leave to Amend the Complaint [#65] is DENIED, and Defendants' Motion for Sanctions [#17] is DENIED in part and ALLOWED in part as follows:

It is further ordered that in any future action by Plaintiff against any of the Defendants in the pending actions (or in the First, Second or Third Prior Actions) brought in the United States District Court for the District of Massachusetts (whether initially filed here by Plaintiff or removed here by a defendant), a copy of this order shall be filed with the action, and no response need be filed by any defendant named in such action until directed to respond by the court.

    IT IS SO ORDERED.

Date: May 13, 2019                                                     /s/ Indira Talwani
                                                                                      United States District Judge